JOSEPH LALLANDE v. CONRAD F. McRAE.—BRADY, GORMAN & Co., et als,
Third Opponents.

All parties interested in maintaining the judgment appealed from, must be brought before the Court in due form by the appellant.

Where the appellant has failed to give bond in favor of all the parties interested, in maintaining the judgment, the appeal must be dismissed.

APPEAL from the District Court of the Parish of Pointe Coupée, *Reynolds*, J. *Singleton & Clack*, *J. W. Hardie & F. H. Farrar*, for opponents. *Clark & Bayne*, for assignees of McKleroy & Bradford, and *W. D. Winter*, for Mrs. Stirling. *T. J. & W. H. Cooley* and *H. M. Spofford*, for McRae.

HOWELL, J. A motion is made to dismiss the appeal taken by Brady, Gorman & Co., in this case, on the ground that all parties in interest are not parties to the appeal.

The property, owned by C. F. & R. W. McRae, and seized herein, was sold at Sheriff's sale for $120,000, and on the trial of the various oppositions, this fund was, by the judgment appealed from (rendered June 30, 1860), distributed as follows, viz : 1. The Clerk's costs ; 2. Sheriff's costs for certain taxes ; 3. To Mrs. M. C. Stirling, sundry claims acquired by her, viz : $5000, with eight per cent. interest, from November 4, 1851 to March 5, 1859, the day of sale; $6,150, with eight per cent. interest from January 10, 1856, to same date ; $5,000, with eight per cent. interest

from November 4, 1852, to same date; and $13,879 99, a judgment in favor of Burton and others; 4. Z. Porche, $16,000, with eight per cent. interest from February 1, 1853, subject to a credit of $3,080 on February 1, 1855, and like sum on February 1, 1856; 5. Mrs. M. C. Stirling as assignee of J. Lallande, $46,699 96, with eight per cent. interest from April 21, 1858 to March 5, 1859, and $2,678 58, subject to a deduction of $2,759 58.

The residue of the fund was then divided into two equal parts, and distributed among the *individual* creditors of R. W. McRae and C. F. McRae, as follows : out of R. W. McRae's half thereof ; 6. To Gladden & Seixas $4,799 05, with five per cent interest from June 17, 1854, to March 5, 1859, and costs ; 7. J. T. Motlow $4,896, with eight per cent. interest from January 1, 1856, to day of sale.

"Next in order of registry," says the decree, "is the claim of Brady, Gormon & Co., bearing upon the interest of R. W. McRae; but as the fund or share belonging to R. W. McRae is already exhausted by the distribution heretofore, and there only remains the one-half belonging to C. F. McRae, after deducting the sums ordered to be paid for costs, and to Mrs. Stirling and to Zanon Porche, I do not," proceeds the Judge, "consider it necessary to go into an examination of the question presented as to the extinguishment of said claim." He thereupon dismissed their opposition, and distributed C. F. McRae's portion as follows : 8. To McKleroy & Bradford $11,521 86, with eight per cent. interest from December 31, 1858 to March 5, 1859, with costs, immediately after Mrs. Stirling and Z. Porche ; 9. To Thos. Claycomb, $322, with interest from May 8, 1854, if any of said fund exist; and 10. Whatever balance thereafter to C. F. McRae.

Of those parties only Mrs. Stirling, Jos. Lallande, Hall, Rodd & Putnam, McKleroy & Bradford and C. F. McRae, are cited as appellees. The Clerk, the Sheriff, Z. Porche, Gladden & Seixas, J. T. Motlow and Thos. Claycomb, have not been made parties to the appeal. Two of them, Gladden & Seixes and J. T. Motlow, individual creditors of R. W. McRae, are mentioned in the petition, with the averment that they are not cited, because their rank is not contested.

The appellants, claiming to be creditors of R. W. McRae, by judgment for $12,490 40, with 8 per cent. interest from January 24, 1856, and $800 with like interest from February 1st, 1856, subject to a credit of $160, and duly recorded on 22d April, 1856, contend that their judicial mortgage upon the fund distributed is superior in rank to the claim of Mrs. Stirling on the account for $46,699 96, allowed against the partnership interest, with the rank and amount given to each of the other parties, they are satisfied; and the effect of the position taken by them is, that the amount of their claim must be carved out of said sum allowed to Mrs. Stirling, who must lose to that extent, as the rights of the others are not to be impaired. But as the Court might not adopt their view in this

regard, the necessity for making all those interested in maintaining the judgment as it is, parties to the appeal, becomes apparent. To meet this difficulty, they argue that, as they wish only to correct the judgment as between themselves and Mrs. Stirling, if she desires a change as to others, she should have appealed as against them, and cite the case of *Converse* v. *Lucy Robinson*, where it was held that this Court is only seized of jurisdiction to amend the judgment as between appellant and appellee, and not as between the appellees. This, in our opinion, is an incorrect application of the doctrine of that case; which by no means implies that an appellant may impose upon his appellee the duty of appealing as against other parties, in order to be protected against the result of his appeal. The reverse of this was held in the case of *Howson* v. *Creswell*, 10 A. 232, where it was also decided that all parties interested in maintaining the judgment appealed from must be brought before the Court, in due form, by the appellant. See also 12 R. 180, 203; 8 A. 72; 12 An. 775; 15 A. 496; *Succession Devaugine*, not yet reported.

That the parties who are omitted in this appeal have an interest in maintaining the judgment as it is, is manifest. The fund distributed is limited, and the granting of the appellants' demand might disturb the whole order of distribution, and result in cutting some off, in part or entirely, who have received by the judgment. The claim of Mrs. Stirling, of which the appellants complain, is a partnership debt, while theirs is against one of the partners; and it is clear that the individual creditors of that partner, who have been paid by the judgment and have not been cited, have a right to be heard, as to whether the appellants shall supercede them, and perhaps absorb the funds appropriated to them.

We cannot recognize in appellants the right to single out one or more of the successful contestants for a particular fund, and omit the others, as the litigation must be terminated in a single trial, provoked by their action alone.

It is therefore ordered that the appeal in this case be dismissed, at the costs of the appellants.